J-A06013-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN THE INTEREST OF: R.B., JR. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: R.B & H.B., PARENTS | No. 1597 MDA 2015 |

Appeal from the Order August 6, 2015
In the Court of Common Pleas of Mifflin County
Orphans' Court at No(s): 1 of 2015

| | |
|---|---|
| IN THE INTEREST OF: A.B. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: R.B & H.B., PARENTS | No. 1598 MDA 2015 |

Appeal from the Order August 6, 2015
In the Court of Common Pleas of Mifflin County
Orphans' Court at No(s): 2 of 2015

| | |
|---|---|
| IN THE INTEREST OF: D.B. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: R.B & H.B., PARENTS | No. 1599 MDA 2015 |

Appeal from the Order August 6, 2015
In the Court of Common Pleas of Mifflin County
Orphans' Court at No(s): 3 of 2015

J-A06013-16

IN THE INTEREST OF: S.B.

APPEAL OF: R.B & H.B., PARENTS

IN THE SUPERIOR COURT OF
PENNSYLVANIA

No. 1600 MDA 2015

Appeal from the Order August 6, 2015
In the Court of Common Pleas of Mifflin County
Orphans' Court at No(s): 4 of 2015

BEFORE:  LAZARUS, STABILE & DUBOW, JJ.

MEMORANDUM BY DUBOW, J.,:                    **FILED APRIL 25, 2016**

Appellants, R.B. ("Father") and H.B. ("Mother") (collectively, "Parents"), appeal from the orders entered August 6, 2015, in the Court of Common Pleas of Mifflin County, involuntarily terminating the parental rights of Mother and Father to R.B., Jr., born in June of 2007; A.B. and D.B., twins born in July of 2008; and S.B., born in July 2013 (collectively, "Children"). We affirm.[1]

On March 7, 2013, Mifflin County Children and Youth Services ("CYS") became involved with the family after the family moved to Mifflin County from York County.[2]  Trial Court Opinion, 8/6/15, at 11.  R.B., Jr., A.B. and

---

[1] This Court consolidated these appeals by Order dated October 15, 2015.

[2] York County Children and Youth Services had been providing Mother and Father with almost 24-hour, 7-days a week support and assistance from 2008 until Mother and Father moved to Mifflin County on March 7, 2013.

- 2 -

D.B. were adjudicated dependent on April 11, 2013. *Id*. at 1-2. S.B. was taken into Emergency Protective Custody after her birth and adjudicated dependent on August 9, 2013. *Id*. at 2. Children remain in foster care. *Id*. at 14.

On January 15, 2015, CYS filed Petitions to Involuntarily Terminate the Parental Rights of Parents as to all Children. The trial court held a hearing on these petitions on May 18, 2015. The trial court opinion carefully details the relevant testimony from the hearing, and we adopt the trial court's recitation of the facts. *See* Trial Court Opinion, 8/6/15, at 2-9. Of particular importance, the trial court heard testimony from David Ray, a licensed psychologist, and Charles Middlestead, who holds a Ph.D. in human development and psychology, both of whom had evaluated Parents and Children. Both evaluators opined that Parents were incapable of providing necessary and continuous parental care to Children. On August 6, 2015, the trial court entered orders involuntarily terminating Parents' parental rights to Children.

Parents timely appealed and filed a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(a)(2)(i) and (b). They raise the following issues:

1. The [trial] court improperly ignored the requirements of Title 23 Pa.C.S.A. Section 2511(a)[(2)] and in doing so relied on prior records not in evidence.

2. The [trial] court improperly ignored the requirements of Title 23 Pa.C.S.A. Section 2511(a)(5).

3. The [trial] court improperly ignored the requirements of Title 23 Pa.C.S.A. Section 2511(a)(8).

4. The [trial] court arbitrarily and capriciously denied the existence of parental bonding with the [C]hildren.

Parents' Brief at 2.

Our standard of review regarding orders terminating parental rights is as follows:

> When reviewing an appeal from a decree terminating parental rights, we are limited to determining whether the decision of the trial court is supported by competent evidence. Absent an abuse of discretion, an error of law, or insufficient evidentiary support for the trial court's decision, the decree must stand. Where a trial court has granted a petition to involuntarily terminate parental rights, this Court must accord the hearing judge's decision the same deference that we would give to a jury verdict. We must employ a broad, comprehensive review of the record in order to determine whether the trial court's decision is supported by competent evidence.

*In re S.H.*, 879 A.2d 802, 805 (Pa. Super. 2005) (quoting *In re C.S.*, 761 A.2d 1197, 1199 (Pa. Super. 2000)).

In termination cases, the burden is upon the petitioner to prove by clear and convincing evidence that the asserted grounds for seeking the termination of parental rights are valid. *In re S.H., supra* at 806. We have previously stated that the standard of clear and convincing evidence is defined as testimony that is so "clear, direct, weighty and convincing as to enable the trier of fact to come to a clear conviction, without hesitance, of the truth of the precise facts in issue." *In re J.L.C. & J.R.C.*, 837 A.2d 1247, 1251 (Pa. Super. 2003).

The trial court is free to believe all, part, or none of the evidence presented and is likewise free to make all credibility determinations and resolve conflicts in the evidence. *In re M.G.*, 855 A.2d 68, 73-74 (Pa. Super. 2004) (quoting *In re Diaz*, 669 A.2d 372, 375 (Pa. Super. 1995)). "[I]f competent evidence supports the trial court's findings, we will affirm even if the record could also support the opposite result." *In re Adoption of T.B.B.,* 835 A.2d 387, 394 (Pa. Super. 2003) (quoting *In re: N.C., N.E.C.*, 763 A.2d 913, 917 (Pa. Super. 2000)). Additionally, this Court "need only agree with [the trial court's] decision as to any one subsection in order to affirm the termination of parental rights." *In re B.L.W.*, 843 A.2d 380, 384 (Pa. Super. 2004).

In terminating Parents' parental rights, the trial court relied upon, *inter alia*, Sections 2511(a)(2) and (b) of the Adoption Act, which provide as follows:

> **(a) General rule.**--The rights of a parent in regard to a child may be terminated after a petition filed on any of the following grounds:
>
> . . .
>
> (2) The repeated and continued incapacity, abuse, neglect or refusal of the parent has caused the child to be without essential parental care, control or subsistence necessary for his physical or mental well-being and the conditions and causes of the incapacity, abuse, neglect or refusal cannot or will not be remedied by the parent.
>
> . . .

> **(b) Other considerations.**—The court in terminating the rights of a parent shall give primary consideration to the developmental, physical and emotional needs and welfare of the child. The rights of a parent shall not be terminated solely on the basis of environmental factors such as inadequate housing, furnishings, income, clothing and medical care if found to be beyond the control of the parent. With respect to any petition filed pursuant to subsection (a)(1), (6) or (8), the court shall not consider any efforts by the parent to remedy the conditions described therein which are first initiated subsequent to the giving of notice of the filing of the petition.

23 Pa.C.S. § 2511(a)(2), (b).

With respect to Section 2511(a)(2), the grounds for termination of parental rights, due to parental incapacity that cannot be remedied, are not limited to affirmative misconduct; "to the contrary, those grounds may include acts of refusal as well as incapacity to perform parental duties." *In re A.L.D.*, 797 A.2d 326, 337 (Pa. Super. 2002). Nevertheless, parents are required to make diligent efforts towards the reasonably prompt assumption of full parental responsibilities. *Id.* at 340. A child's life "simply cannot be put on hold in the hope that [a parent] will summon the ability to handle the responsibilities of parenting." *In re Z.S.W.*, 946 A.2d 726, 732 (Pa. Super. 2008). Rather, "a parent's basic constitutional right to the custody and rearing of his child is converted, upon the failure to fulfill his or her parental duties, to the child's right to have proper parenting and fulfillment of his or her potential in a permanent, healthy, safe environment." *In re B., N.M.*, 856 A.2d 847, 856 (Pa. Super. 2004).

- 6 -

On appeal, Parents argue that CYS failed to present any evidence to establish irremediable defects in parental capacity. The trial court, however, found that CYS presented clear and convincing evidence establishing the termination grounds found in Section 2511(a)(2) relative to both Mother and Father. Trial Court Opinion, 8/6/15, at 10. The court noted that Parents' incapacity has been on-going since 2008, and concluded that to delay termination would prevent Children from receiving essential parental care and permanency. *Id.* at 11.

The record reveals the trial court took into consideration that the repeated and continued incapacity, neglect or refusal of Parents caused Children to be without essential parental care, and that the condition and causes of the incapacity, neglect and refusal of Parents cannot or will not be remedied by them. After our careful review of the certified record, briefs, and trial court opinion in regards to this issue, we find that the trial court's credibility and weight determinations are supported by competent evidence in the record. *See In re Adoption of T.B.B.*, 835 A.2d at 394. The trial court opinion thoroughly examines and explains its findings with regard to Section 2511(a)(2), and its findings are supported by sufficient, competent evidence in the record. *See* Trial Court Opinion, 8/6/15, at 10-11 (finding that both psychology professionals credibly testified as to Parents' incapacity to care for Children at that time and for the foreseeable future; services have been provided to Parents since 2008; Parents have been unable to

progress since 2008 and, in fact, terminated services in Mifflin County prematurely; and neither expert could state with any certainty that Parents are able to generate effective solutions to novel situations). Accordingly, we adopt the trial court's opinion in regards to Section 2511(a)(2).

The trial court must also consider how terminating Parents' parental rights would affect the needs and welfare of Children pursuant to 23 Pa.C.S. § 2511(b). Pursuant to Section 2511(b), the trial court specifically must consider whether termination of parental rights would best serve the developmental, physical and emotional needs of the child. **See In re C.M.S.**, 884 A.2d 1284, 1286-87 (Pa. Super. 2005). "Intangibles such as love, comfort, security, and stability are involved in the inquiry into the needs and welfare of the child." **Id.** at 1287 (citation omitted). This Court has instructed that the trial court "must also discern the nature and status of the parent-child bond, with utmost attention to the effect on the child of permanently severing that bond." **See id**. A parent's love of his or her child, alone, does not preclude a termination order. **See In re L.M.**, 923 A.2d 505, 512 (Pa. Super. 2007).

Parents argue that the record supports their affection for Children, and the Children's affection for them. The trial court concluded that while Parents love Children, it would be in the best interests of Children to sever an insecure bond that is currently having a negative impact on Children. Trial Court Opinion, 8/6/15, at 14. The court concluded that maintaining

Parents' rights would deprive Children of a permanent, healthy, safe, and secure parent-child relationship that they currently had with their foster parents. *Id.*

After careful review of the record, we find that the competent evidence in the record supports the trial court's determination that there was not a meaningful bond between Parents and Children such that, if severed, would be detrimental to Children, and that the termination of Parents' parental rights would best serve the needs and welfare of Children. Thus, we will not disturb the trial court's determinations. *See In re M.G.*, 855 A.2d at 73-74. The trial court opinion comprehensively and correctly analyzes the pertinent facts and legal standards. Accordingly, we adopt the trial court's analysis as our own on this issue and affirm on the basis of the trial court's opinion. *See* Trial Court Opinion, 8/6/15, at 13-15 (finding that both experts credibly testified regarding the lack of a strong bond between Parents and Children; that the effects of terminating Parents' parental rights would be minimal due to the extensive time Children have spent in foster care; and that the benefits of permanent placement would far outweigh the effects of terminating the parental rights).

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>4/25/2016</u>